FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 19 2014

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILLIP REED, an individual, | No. 11-56429 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-05766-JHN-JC |
| v. | |
| LEE BACA, individually and in his official capacity; COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued August 8, 2013
Submitted March 19, 2014
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

Deputies for the Los Angeles County Sheriff's Department (LASD) arrested

plaintiff Phillip Reed when his name, address, driver's license number, vehicle

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

plate number, and physical description matched the information shown in a misdemeanor warrant. He was booked, fingerprinted, and then jailed for less than twenty-four hours before a prosecutor determined that the warrant was actually for Reed's brother, who had stolen Reed's identity. Reed filed an action under 42 U.S.C. § 1983 against the LASD, Los Angeles County, and Sheriff Lee Baca, in which he alleged that they violated his Fourth and Fourteenth Amendment rights. The district court granted summary judgment to the defendants. We review a grant of summary judgment de novo, *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927 (9th Cir. 2009), and we affirm.

Reed argues that the defendants violated the Fourth Amendment when they arrested him. There is no question, even when viewing the facts in the light most favorable to Reed, that the police had probable cause to arrest the true subject of the warrant, and "the arresting officers had a good faith, reasonable belief that the arrestee was the subject of the warrant." *Rivera v. Cnty. of Los Angeles*, No. 11-57037, 2014 WL 957388, at *3 (9th Cir. Mar. 12, 2014). The Fourth Amendment required no more.

Nor did Reed suffer a violation of his Fourteenth Amendment rights. Like the Supreme Court in *Baker v. McCollan*, we are "quite certain" that Reed has not proven that a Fourteenth Amendment violation arose out of his twenty-four-hour

2

confinement. 443 U.S. 137, 145 (1979). Reed has not presented any evidence that would allow a reasonable juror to believe that any LASD employee confined him with the knowledge that he was not the true subject of the warrant. *See Rivera*, 2014 WL at *5. Nor did the warrant information itself indicate that further investigation into Reed's identity was required. *Id.* Even assuming Reed's mentions of mistaken identity constitute "repeated protests of innocence," the Due Process Clause was not violated since Reed's case was dismissed the next day on the prosecutor's motion. *Id.* at *6 (quotation omitted).

The district court's judgment is **AFFIRMED.**